## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

CYNTHIA MARITZA                      CIVIL ACTION NO. 26-0598
MARIANYI GALVEZ

VERSUS                               JUDGE S. MAURICE HICKS, JR.

WARDEN SOUTH LOUISIANA               MAGISTRATE JUDGE WHITEHURST
ICE PROCESSING CENTER,
ET AL.

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary
Injunction (Record Document 3) filed by Petitioner Cynthia Maritza Marianyi Galvez
("Petitioner"). Petitioner is currently detained at the South Louisiana ICE Processing
Center. The pleadings reflect that on May 20, 2025, United States Citizenship and
Immigration Services ("USCIS") determined that Petitioner had established eligibility for
U nonimmigrant status and issued her a grant of deferred action. See Record Document
3-1 at 2. According to the motion, that grant of deferred action has never been formally
revoked or terminated. See id. Nevertheless, in January 2026, Immigration and Customs
Enforcement ("ICE") placed a detainer on Petitioner and subsequently detained her
without following internal procedures to revoke the grant of deferred action. See id. at 2–
3. Petitioner now challenges her continued detention and seeks emergency relief.

Petitioner requests, in part, an order enjoining Respondents from removing her
from the United States. To the extent Petitioner seeks to enjoin execution of a removal
order, this Court lacks jurisdiction. Even if framed as seeking to preserve the status quo,
a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No.
25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL

1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Petitioner also seeks an order enjoining her continued detention and requiring her immediate release, or alternatively, restoration to supervision status pending adjudication of her habeas petition. See Record Document 3-1 at 6. An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of

2

New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The relief requested in the present motion substantially mirrors the ultimate relief sought in the habeas petition—namely, a determination that Petitioner's detention is unlawful and that she must be released. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).  Granting the requested relief at this stage would effectively resolve the central legal dispute presented in the habeas proceeding without the benefit of full briefing or a developed record. The Court declines to shortcut the habeas process through emergency injunctive relief.

As for Petitioner's request that the government be prohibited from transferring her, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that she will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT